UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

JOSEPH BIGELOW,

                Plaintiff,                      Case No. 2:21-cv-256

v.                                    Honorable Maarten Vermaat

UNKNOWN SEBLY et al.,

                Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff previously sought and was granted leave to proceed *in forma pauperis*. (ECF No. 5.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 6.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendant(s) is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v.*

*Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id*. at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id*. (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way that they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to the action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's claims against Defendants Johnson and Corrections Officers Unknown Parties #1 and #2 for failure to state a claim. Plaintiff's Eighth Amendment excessive force claim against Defendant Sebly, and Eighth Amendment failure-to-protect and state law negligence claims against Defendant Medical Supervisor Unknown Party #3 remain in the case.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, __ F.4th ___, 2022 WL 322883, at *4–6, *4 n.26 (3d Cir. Feb. 10, 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

he complains, however, occurred at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. Plaintiff sues Lieutenant Unknown Sebly, Corrections Officers Unknown Parties #1 and #2, Prison Counselor/Supervisor Unknown Johnson, and Medical Supervisor Unknown Party #3.

In Plaintiff's complaint, he alleges that on March 11, 2021, Lieutenant Sebly and Corrections Officers Unknown Parties #1 and #2 "came to [his] cell while [he] was locked inside, and told [him] to 'cuff up.'" (Compl., ECF No. 1, PageID.3.) Plaintiff told the officers that he would "cuff up," and he "wasn't refusing to move." (*Id.*) Lieutenant Sebly "aimed a chemical agent canister at [Plaintiff]." (*Id.*) Plaintiff did not "act hostile, nor refuse to cuff up, yet the Lieutenant committed 'excessive force' by spraying [Plaintiff] with chemical agents [and] then dragging [him] out of [his] cell and down the tier." (*Id.*)

Plaintiff states that "[i]t is . . . in [his] medical file, which was known throughout the prison, [he] ha[s] a serious lung disease which makes [him] a high-risk of injury to chemical agents." (*Id.*) Plaintiff also states that he is "not supposed to be sprayed with gas unless it's a[n] emergency, which was not the case here." (*Id.*) Plaintiff contends that "[m]ove teams are to call for medical clearance to use chemical agents, so whomever on the medical staff gave permission for the chemical agents showed '[d]eliberate indifference['] and negligence to [his] medical condition (Medical Supervisor #1)." (*Id.*)

Further, Plaintiff alleges that Corrections Officers Unknown Parties #1 and #2, "who came with the Lieutenant[,] showed 'deliberate indifference' [b]y allowing [Plaintiff] to be sprayed when [he] was no threat and following orders." (*Id.*) Plaintiff contends that Prison Counselor/Supervisor Johnson "is the counselor/supervisor for the unit," and he "knows of [Plaintiff's] lung illness and how [Plaintiff] is not to be sprayed, yet he allowed the move team to

go in [Plaintiff's] cell and spray [Plaintiff] without trying to stop them, which showed 'deliberate

indifference.'" (*Id.*)

After the incident, Plaintiff states that Lieutenant Sebly wrote him "a misconduct ticket

stating [he] refused a shakedown." (*Id.*) Plaintiff "was sent to segregation as punishment." (*Id.*)

Plaintiff alleges that "[he] never refused," and he "was punished under false accusations." (*Id.*)

Plaintiff contends that "[d]ue to these cruel and unusual actions, [he] suffered serious harm to [his]

health, physically and mentally, which left [him] with ongoing problems of 'PTSD' and lung

issues." (*Id.*)

Based on the foregoing allegations, Plaintiff avers that Defendants violated his rights under

the Eighth Amendment. Plaintiff also avers that Lieutenant Sebly violated his rights under the Due

Process Clause of the Fourteenth Amendment and that Medical Supervisor Unknown Party #3 was

negligent. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief. (*Id.*,

PageID.4.)

## II.      Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint

need not contain detailed factual allegations, a plaintiff's allegations must include more than labels

and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice."). The

court must determine whether the complaint contains "enough facts to state a claim to relief that

is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility

5

standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to

relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71

(6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of

prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right

secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

(1994).

### A.      Eighth Amendment

The Eighth Amendment imposes a constitutional limitation on the power of the states to

punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene

society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981).

#### 1.      Excessive Force

As relevant to excessive force claims, the Eighth Amendment prohibits conditions of

confinement which, although not physically barbarous, "involve the unnecessary and wanton

infliction of pain." *Id.* at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)). Among

unnecessary and wanton inflictions of pain are those that are "totally without penological

justification." *Id.* However, not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "On occasion, '[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)); *Bailey v. Golladay*, 421 F. App'x 579, 582 (6th Cir. 2011).

There is an objective component and a subjective component to this type of Eighth Amendment claim as well. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams*, 631 F.3d at 383. Courts ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9–10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). The objective component requires a "contextual" investigation, one that is "responsive to 'contemporary standards of decency.'" *Id.* at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether

7

an Eighth Amendment violation has occurred. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9.

In this action, Plaintiff alleges that on March 11, 2021, Defendants Sebly and Corrections Officers Unknown Parties #1 and #2 "came to [his] cell while [he] was locked inside, and told [him] to 'cuff up.'" (Compl., ECF No. 1, PageID.3.) Plaintiff did not "act hostile, nor refuse to cuff up, yet the Lieutenant . . . spray[ed] [Plaintiff] with chemical agents [and] then dragg[ed] [him] out of [his] cell and down the tier." (*Id.*) Further, Plaintiff contends that, due to his "serious lung disease," he is "not supposed to be sprayed with gas unless it's a[n] emergency, which was not the case here." (*Id.*) The facts, taken as true and in a light most favorable to Plaintiff, are sufficient to state an Eighth Amendment excessive force claim against Defendant Sebly.

To the extent that Plaintiff intended to claim that Corrections Officers Unknown Parties #1 and #2 also used excessive force against him simply because they were present when Defendant Sebly deployed the chemical agent, Plaintiff fails to state such a claim.[2] A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff does not allege that Corrections Officers Unknown Parties #1 and #2 themselves used excessive force against him. Plaintiff therefore cannot maintain an excessive force claim against them.

---

[2] The Court addresses Plaintiff's claim that Defendants Corrections Officers Unknown Parties #1 and #2 failed to protect him from Defendant Sebly's use of force below.

### 2.       Failure to Protect

Plaintiff alleges that Defendants Medical Supervisor Unknown Party #3, Johnson, and

Corrections Officers Unknown Parties #1 and #2 showed deliberate indifference when they failed

to protect him from, or intervene to prevent, Defendant Sebly's use of the chemical agent.

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places

restraints on prison officials, directing that they may not use excessive physical force against

prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer*

*v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).

To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm

to a prisoner, a plaintiff must show that the prison official acted with "deliberate indifference" to

a substantial risk of serious harm facing the plaintiff. *Id.* at 834; *Helling v. McKinney*, 509 U.S.

25, 32 (1993); *Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011); *Curry v. Scott*, 249 F.3d

493, 506 (6th Cir. 2001); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr.*

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 79

(6th Cir. 1995). Deliberate indifference is a higher standard than negligence and requires that "the

official knows of and disregards an excessive risk to inmate health or safety; the official must both

be aware of facts from which the inference could be drawn that a substantial risk of serious harm

exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Bishop*, 636 F.3d

at 766–67.

An officer or other prison official is liable for another prison official's use of excessive

force where the defendant "'observed or had reason to know that excessive force would be or was

being used' *and* 'had both the opportunity and the means to prevent the harm from occurring.'"

*Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir. 2013) (emphasis in original) (quoting *Turner v.*

9

*Scott*, 119 F.3d 425, 429 (6th Cir. 1997)); *accord Alexander v. Carter for Byrd*, 733 F. App'x 256, 265 (6th Cir. 2018); *Partin v. Parris*, No. 17-6172, 2018 WL 1631663, at *3 (6th Cir. Mar. 20, 2018).

### a. Medical Supervisor Unknown Party #3

Plaintiff alleges that "[i]t is . . . in [his] medical file, . . . [that he] ha[s] a serious lung disease which makes [him] a high-risk of injury to chemical agents." (Compl., ECF No. 1, PageID.3.) Plaintiff contends that "[m]ove teams are to call for medical clearance to use chemical agents, so whomever on the medical staff gave permission for the chemical agents showed '[d]eliberate indifference['] and negligence to [his] medical condition." (*Id.*) Plaintiff alleges that Medical Supervisor Unknown Party #3 was the individual who gave this permission. (*See id.*)

Plaintiff's allegations, taken as true and in the light most favorable to Plaintiff, are sufficient to show that Medical Supervisor Unknown Party #3 "had reason to know" that the chemical agent would be used and, in advance of the use of the chemical agent, "had both the opportunity and the means to prevent the harm from occurring." *Burgess*, 735 F.3d at 475 (quoting *Turner*, 119 F.3d at 429). Therefore, at this stage of the proceedings, Plaintiff's allegations are sufficient to state an Eighth Amendment failure-to-protect claim against Medical Supervisor Unknown Party #3.

### b. Prison Counselor/Supervisor Johnson

Plaintiff contends that Defendant Prison Counselor/Supervisor Johnson "is the counselor/supervisor for the unit," and he "knows of [Plaintiff's] lung illness and how [Plaintiff] is not to be sprayed, yet he allowed the move team to go in [Plaintiff's] cell and spray [Plaintiff] without trying to stop them, which showed 'deliberate indifference.'" (Compl., ECF No. 1, PageID.3.)

10

Plaintiff does not allege (i) that Defendant Johnson was present when Defendant Sebly sprayed the chemical agent, (ii) that Defendant Johnson was able to see the incident in some manner, such as from a distance or on a monitor, or (iii) that Defendant Johnson knew in advance that the chemical agent was going to be used. Instead, Plaintiff asserts that Defendant Johnson is liable simply because "he allowed the move team to go" to Plaintiff's cell. (*Id.*) However, nothing from the complaint suggests that Defendant Johnson knew that the chemical spray would be used when the officers went to Plaintiff's cell. Furthermore, because Defendant Johnson did not observe or have "reason to know that excessive force would be or was being used," he necessarily did not have "the opportunity and the means to prevent the harm from occurring." *Burgess*, 735 F.3d at 475 (quoting *Turner*, 119 F.3d at 429).

Moreover, to the extent that Plaintiff seeks to hold Defendant Johnson liable for the actions of his subordinates, government officials, such as Defendant Johnson, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter*, 532 F.3d at 575–76; *Greene*, 310 F.3d at 899. The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

For all of these reasons, Plaintiff fails to state an Eighth Amendment failure-to-protect claim against Defendant Johnson.

11

### c.      Corrections Officers Unknown Parties #1 and #2

Plaintiff alleges that Corrections Officers Unknown Parties #1 and #2 were present when Defendant Sebly sprayed Plaintiff with a chemical agent. (Compl., ECF No. 1, PageID.3.) Plaintiff contends that Corrections Officers Unknown Parties #1 and #2 "showed 'deliberate indifference' [b]y allowing [him] to be sprayed when [he] was no threat and following orders." (*Id.*)

Assuming, without deciding, that Corrections Officers Unknown Parties #1 and #2 "had reason to know that excessive force would be" used, Plaintiff fails to provide any allegations from which the Court could conclude that they "had both the opportunity and the means to prevent the harm from occurring." *Burgess*, 735 F.3d at 475 (quoting *Turner*, 119 F.3d at 429). Specifically, Plaintiff alleges that Lieutenant Sebly "spray[ed] [Plaintiff] with chemical agents [and] then dragg[ed] [him] out of [his] cell and down the tier." (Compl., ECF No. 1, PageID.3.) Plaintiff's allegations do not suggest that Lieutenant Sebly's use of force occurred over a lengthy period of time; instead, the allegations suggest that the use of force occurred quickly. The United States Court of Appeals for the Sixth Circuit has held that "where the 'act of excessive force unfolds in a matter of seconds, the second requirement [i.e., having both the opportunity and the means to prevent the harm] is generally not satisfied.'" *Alexander*, 733 F. App'x at 265 (quoting *Pennington v. Terry*, 644 F. App'x 533, 548 (6th Cir. 2016)); *see Ontha v. Rutherford Cnty.*, 222 F. App'x 498, 506 (6th Cir. 2007) (collecting cases). The Sixth Circuit's reasoning for this determination is "that it demands too much of officers to require that they intervene within a sudden and quickly-expired moment of opportunity." *Pennington*, 644 F. App'x at 548 (citing *Ontha*, 222 F. App'x at 506). Here, Plaintiff fails to allege facts suggesting that the incident with Defendant Sebly lasted long enough for Corrections Officers Unknown Parties #1 and #2 to both

perceive what was going on and intercede to stop Defendant Sebly. Accordingly, Plaintiff fails to state an Eighth Amendment failure-to-protect claim against Corrections Officers Unknown Parties #1 and #2.

### B.      Fourteenth Amendment

Plaintiff alleges that his due process rights under the Fourteenth Amendment were violated when Defendant Sebly wrote a false "misconduct ticket stating [Plaintiff] refused a shakedown." (Compl., ECF No. 1, PageID.3.) As a result of the false misconduct charge, Plaintiff contends that he "was sent to segregation" and "punished under false accusations." (*Id.*)

A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995). Under MDOC Policy Directive 03.03.105, ¶ B (eff. July 1, 2018), a Class I misconduct is a "major" misconduct and Class II and III misconducts are "minor" misconducts. The policy further provides that prisoners are deprived of good time or disciplinary credits only when they are found guilty of a Class I misconduct. *Id*. ¶ AAAA.

Although Plaintiff does not identify the specific misconduct charge that he received, he states that the "misconduct ticket" was for "refus[ing] a shakedown." (Compl., ECF No. 1, PageID.3.) Pursuant to MDOC Policy Directive 03.03.105, "[r]efusal to submit to a shakedown" is as an example of inmate conduct that would result in a "Disobeying a Direct Order" misconduct charge. MDOC Policy Directive 03.03.105, Attach. B (eff. July 1, 2018). "Disobeying a direct order" is a Class II, or minor, misconduct under the MDOC disciplinary regime. *Id.*; *see id.* ¶ B. Plaintiff could not have been denied good time or disciplinary credits as a result of a Class II

misconduct conviction. The Sixth Circuit routinely has held that misconduct convictions that do not result in the loss of good time are not atypical and significant deprivations and therefore do not implicate due process. *See, e.g.*, *Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004), *overruled on other grounds by Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003); *Green v. Waldren*, No. 99-1561, 2000 WL 876765, at \*2 (6th Cir. June 23, 2000); *Staffney v. Allen*, No. 98-1880, 1999 WL 617967, at \*2 (6th Cir. Aug. 12, 1999).

Moreover, Plaintiff's placement in segregation as a result of the misconduct ticket does not constitute an "atypical" and "significant deprivation." *Sandin*, 515 U.S. at 484. In *Sandin*, the United States Supreme Court concluded that placement in segregation for 30 days did not impose an atypical and significant hardship. *Id.* Similarly, the Sixth Circuit has held that placement in administrative segregation for two months does not require the protections of due process. *See Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (finding that 61 days in segregation is not atypical and significant). Instead, generally only periods of segregation lasting for several years or more have been found to be atypical and significant. *See, e.g.*, *Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013) (concluding that thirteen years of segregation implicates a liberty interest); *Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012) (finding that eight years of segregation implicates a liberty interest); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (remanding to the district court to consider whether the plaintiff's allegedly "indefinite" period of segregation, i.e., three years without an explanation from prison officials, implicates a liberty interest). Here, Plaintiff does not allege that he was placed in segregation for an extended period of time, and the incident with Defendants occurred less than a year ago, indicating that any placement in segregation necessarily would be for less than a year. Plaintiff therefore has failed to allege any facts to show that his placement in segregation triggered a right to due process.

14

Accordingly, Plaintiff fails to state a Fourteenth Amendment due process claim against Lieutenant Sebly regarding the misconduct ticket he received.

### III.    State law claims

In addition to Plaintiff's federal claims, Plaintiff also claims that Defendant Medical Supervisor Unknown Party #3 violated his rights under state law. Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertion that Defendant violated state law therefore fails to state a claim under § 1983.

Moreover, in determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotation marks omitted)). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). Because Plaintiff continues to have a pending federal claim against Defendant Medical Supervisor Unknown Party #3, the Court will exercise supplemental jurisdiction over Plaintiff's state law negligence claim against Defendant.

**<u>Conclusion</u>**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Johnson and Corrections Officers Unknown Parties #1 and #2 will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's Eighth Amendment excessive force claim against Defendant Sebly, and Eighth Amendment failure-to-protect and state law negligence claims against Defendant Medical Supervisor Unknown Party #3 remain in the case.

An order consistent with this opinion will be entered.


Dated:      February 24, 2022                              /s/ *Maarten Vermaat*

                                                                     Maarten Vermaat
                                                                     United States Magistrate Judge